E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

| UNITED STATES DISTRICT COURT<br>DISTRICT OF MINNESOTA | |
|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | MDL No. 1431<br>(MJD/JGL) |
| This Document Relates to:<br><br>MARGUERITE CRAIG, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION,<br>BAYER AG,<br>GLAXOSMITHKLINE, PLC,<br>SMITHKLINE BEECHAM CORPORATION<br>D/B/A GLAXOSMITHKLINE,<br><br>Defendants. | Case No. 04-1637 MJD |

## ANSWER AND AFFIRMATIVE DEFENSES OF SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT

SmithKline Beecham Corporation d/b/a GlaxoSmithKline (hereinafter "GSK") responds to the allegations of plaintiffs' First Amended Verified Complaint (hereinafter "Complaint") as set forth below. GSK further states that to the extent the Complaint contains allegations directed to GlaxoSmithKline plc ("PLC"), either explicitly or otherwise, no answer is required by GSK and no response by GSK shall be deemed to be a response to allegations directed to PLC.

## RESPONSE TO ALLEGATIONS REGARDING THE PARTIES

1. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

2(a). The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK.

2(b). The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK.

2(c). The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that PLC is a public limited liability company incorporated in England and Wales, and is headquartered in the United Kingdom. Any remaining or inconsistent allegations directed to GSK are denied.

2(d). GSK admits that SmithKline Beecham Corporation is a Pennsylvania corporation with a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19101. GSK further states that SmithKline Beecham Corporation does business under the name GlaxoSmithKline and that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, GSK participated in the marketing of Baycol in the United States, including New York. Any remaining or inconsistent allegations directed to GSK are denied.

3. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK.

4. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK.

5. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

6. GSK admits that it is the surviving entity following the merger of Glaxo Wellcome, Inc. into SmithKline Beecham Corporation, and that SmithKline Beecham Corporation is currently doing business as GlaxoSmithKline. Any remaining or inconsistent allegations directed to GSK are denied.

7. GSK admits that the generic name for Baycol is cerivastatin and that cerivastatin was sold outside the United States under the name Lipobay. Any remaining or inconsistent allegations directed to GSK are denied.

8. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are deined.

9. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the marketing of Baycol in the United States. Any remaining or inconsistent allegations directed to GSK are denied.

10. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

11. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

**RESPONSE TO ALLEGATIONS REGARDING FACTUAL BACKGROUND**

12. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that the Complaint purports to be an action against the defendants on behalf of plaintiffs, and that plaintiffs allege certain injuries. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of plaintiffs, the conduct of their physicians and pharmacists, and the injuries of plaintiffs, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

13. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that, pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the promotion of Baycol in the United States. GSK also admits that Baycol has been prescribed at various times by learned intermediaries who, in the exercise of their independent medical judgment, determined that Baycol was an appropriate therapy to help certain patients achieve a reduction of their LDL cholesterol and triglyceride levels. It has been estimated that there were approximately 700,000 initial Baycol prescriptions in the United States. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

14. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent that this paragraph is deemed to allege facts directed at GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

15. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the marketing of Baycol in the United States, and that in connection with such activity, it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK further states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

16. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that the use of statins generally has been associated with the risk of certain side effects, but denies the allegations of this paragraph to the extent they are inconsistent with the current state of medical knowledge regarding statins and their potential side effects. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED 05/12/04 04:54 PM ET Baycol MDL 1431

17. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

18. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK further states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

19. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that the use of statins generally has been associated with the risk of certain side effects but denies the allegations of this paragraph to the extent they are inconsistent with the current state of medical knowledge regarding statins and their potential side effects. Any remaining or inconsistent allegations directed to GSK are denied.

20. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK further states that Baycol was marketed consistent with its FDA license and approved labeling for prescription

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

21. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

22. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer originally signed in July 1997, it participated in the promotion and marketing of Baycol in the State of New York. GSK further admits that it generally engages in the business activities of a pharmaceutical company. To the extent the Complaint contains allegations concerning the manufacturing, distributing, and/or selling of Baycol by reference to the purported defined term "marketed" or otherwise, such allegations are denied by GSK. Any remaining or inconsistent allegations directed to GSK are denied.

23. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

24. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

25. GSK admits that at least five other statins have been approved by the FDA for sale in the United States. Any remaining or inconsistent allegations directed to GSK are denied.

26. To the extent the allegations of this paragraph are directed to another defendant, no response is required from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that it is a for-profit corporation and that, consistent therewith, profitability was one of the issues considered in connection with GSK's decision to participate in the marketing/promotion of Baycol. Any remaining or inconsistent allegations directed to GSK are denied.

27. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

28. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that in 1997, Bayer sought and obtained a license from the U.S. Food and Drug Administration ("FDA") to market Baycol in the United States pursuant to applicable regulatory standards for prescription pharmaceuticals. Any remaining or inconsistent allegations directed to GSK are denied.

29. To the extent the allegations of this paragraph are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that Baycol was first marketed in the United States in February

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

1998, and that Bayer voluntarily withdrew Baycol from the United States market on August 8, 2001. Any remaining or inconsistent allegations directed to GSK are denied.

30. GSK is without knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegations regarding the actions of the referenced third party, and therefore denies them. To the extent the allegations of this paragraph purport to reference statements published by a third party, such writings speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

31. To the extent the allegations of this paragraph are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding the actions of the referenced third parties, including parties outside of the United States, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are also denied.

32. GSK is without knowledge or information sufficient to form a belief as to the accuracy or authenticity of unidentified reports of alleged adverse events supposedly related to Baycol, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

33. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, no response is required from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that the sampling of the 0.8 mg dose

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

was discontinued in 2001. Any remaining or inconsistent allegations directed to GSK are denied.

34. GSK is without knowledge or information sufficient to form a belief as to the accuracy or authenticity of unidentified reports of alleged adverse events supposedly related to Baycol, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

35. To the extent the allegations of this paragraph are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK is without knowledge or information sufficient to form a belief as to the accuracy or authenticity of unidentified reports of alleged adverse events supposedly related to Baycol, and therefore denies them. Further, to the extent this paragraph purports to reference unidentified "reports," and to the extent that such "reports," are in writing, they speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are denied.

36. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK.

37. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

38. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

39. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK and purports to reference unidentified "studies," and to the extent that these "studies," are in writing, they speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are denied.

40. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK further states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

41. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

42. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

43. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, and purports to reference findings and warnings made

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

by federal regulators and/or the FDA, GSK states that such findings and/or warnings, being in writing, speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

44. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

45. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK further states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

46. To the extent the allegations of this paragraph are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

47. To the extent the allegations of this paragraph are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that the launch of Baycol in 0.2 mg and 0.3 mg doses into the

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

United States market was announced on February 18, 1998. GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph regarding the marketing of Baycol outside of the United States, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are also denied.

48. GSK admits that the FDA approved a 0.4 mg dose of Baycol in May 1999. Any remaining or inconsistent allegations directed to GSK are denied.

49. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK and purports to reference unidentified "data" and "studies," and to the extent that these data and studies are in writing, they speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

50. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that this paragraph purports to reference and/or summarize portions of a letter from the Department of Health and Human Services Division of Drug Marketing, Advertising and Communication to Bayer. The letter, being in writing, speaks for itself. Any allegations inconsistent with the plain meaning of the document are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

51. GSK is without knowledge or information sufficient to form a belief as to the accuracy or authenticity of unidentified reports of alleged adverse events supposedly related to Baycol, and therefore denies them. To the extent this paragraph purports to reference

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

unidentified written reports, such reports speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

52. GSK admits that Bayer received FDA approval for the 0.8 mg dose of Baycol on or around July 24, 2000. Any remaining or inconsistent allegations directed to GSK are denied.

53. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK and purports to quote and/or summarize a letter to Health Care Professionals from Bayer, the letter, being in writing, speaks for itself. Any allegations inconsistent with the plain meaning of the document are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

54. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that Bayer voluntarily withdrew Baycol from the U.S. market on August 8, 2001. GSK is without knowledge or information sufficient to form a belief as to the accuracy or authenticity of unidentified reports of alleged adverse events supposedly related to Baycol, and therefore denies them. To the extent this paragraph purports to reference unidentified reports, such reports speak for themselves. Any allegations inconsistent with the plain meaning of the documents are denied. Any remaining or inconsistent allegations directed to GSK are also denied.

55. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

is deemed to allege facts directed to GSK, GSK states that it was subject only to those duties imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties. GSK further denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are denied.

56. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

57. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK, and that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

58. GSK admits only that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the promotion and marketing of Baycol in the United States. Any remaining or inconsistent allegations directed to GSK are denied.

59. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK.

60. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

61. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

**RESPONSE TO ALLEGATIONS REGARDING EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS**

62. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

63. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent the allegations of this paragraph are deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK, and that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

64. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent the allegations of this paragraph is deemed to allege facts directed to GSK, they are denied.

65. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent the allegations of this paragraph is deemed to allege facts directed to GSK, they are denied.

66. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent the allegations of this paragraph is deemed to allege facts directed to GSK, they are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**RESPONSE TO ALLEGATIONS REGARDING COUNT I**
**FRAUD**

67. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

68. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding plaintiffs' or plaintiffs' physicians' or plaintiffs' medical professionals' state of mind, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

69. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding plaintiffs' state of mind, plaintiffs' alleged purchase of Baycol, and/or their alleged consumption of Baycol, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

70. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

71. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it was subject only to those duties imposed by applicable law, and denies the allegations of this paragraph to the extent it suggests

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

any different or greater duties. GSK further denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are denied.

72. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

73. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

74. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

75. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**RESPONSE TO ALLEGATIONS REGARDING COUNT II**
**NEGLIGENCE**

76. To the extent the allegations of this paragraph are legal conclusions, they require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

77. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it was subject only to those duties imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties. GSK further denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are denied.

78. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

79. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the marketing and promotion of Baycol in the United States. Any remaining or inconsistent allegations directed to GSK are denied.

80. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations are denied.

81. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

82. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

83. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

84. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**RESPONSE TO ALLEGATIONS REGARDING COUNT III**
**FAILURE TO WARN - STRICT LIABILITY**

85. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

86. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that, pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the marketing and promotion of Baycol in the United States. GSK further states that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK, and that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

87. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

88. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

89. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

90. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits only that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the marketing of Baycol in the United States. GSK further states that it was subject only to those duties imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties. GSK further denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are denied.

91. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

92. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK, and that it was subject only to those duties imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties. GSK denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

93. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent the allegations of this paragraph are deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK, and that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

94. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

95. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

96. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**RESPONSE TO ALLEGATIONS REGARDING COUNT IV**
**DEFECTIVE DESIGN - STRICT LIABILITY**

97. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

98. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

99. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

100. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

101. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

102. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

103. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT V**
**BREACH OF IMPLIED WARRANTY**

104. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

105. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer, originally signed in July 1997, it participated in the marketing and promotion of Baycol in the United States, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK further states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding plaintiffs' use of Baycol, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

106. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent the allegations of

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

this paragraph are deemed to allege facts directed to GSK, GSK states that it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. GSK also states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding plaintiffs' or plaintiffs' medical professionals' state of mind, and therefore denies them. Any remaining or inconsistent allegations directed to GSK are denied.

107. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

108. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

109. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

110. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

111. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT VI**
**BREACH OF EXPRESS WARRANTY**

112. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

113. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

114. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

115. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

116. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT VII**
**NEGLIGENCE PER SE**

117. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

118. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that it was subject only to those obligations imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties. GSK further denies that it failed to abide by any applicable legal obligations. Any remaining or inconsistent allegations directed to GSK are denied.

119. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, it is denied that GSK violated, or that plaintiffs have any

E-SERVED 05/12/04 04:54 PM ET Baycol MDL 1431

claim against GSK based on, any statute, regulation, or other legal theory. Any remaining or inconsistent allegations directed to GSK are denied.

120. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, it is denied that GSK violated, or that plaintiffs have any claim against GSK based on, any statute, regulation, or other legal theory. Any remaining or inconsistent allegations directed to GSK are denied.

121. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, they are denied.

122. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

123. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

124. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT VIII**
**VIOLATION OF NEW YORK'S GENERAL BUSINESS LAW**

125. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

126. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

127. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

128. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

deemed to allege facts directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

129. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, it is denied that GSK violated, or that plaintiffs have any claim against GSK based on, any statute, regulation, or other legal theory. Any remaining or inconsistent allegations directed to GSK are denied.

130. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

131. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

## RESPONSE TO ALLEGATIONS REGARDING COUNT IX LOSS OF CONSORTIUM

132. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

133. GSK is without knowledge or information sufficient to form a belief regarding the truth of the allegations of this paragraph, and therefore denies them.

134. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent this paragraph is deemed to allege facts directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

135. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

136. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that GSK is any way liable to plaintiffs. Any remaining or inconsistent allegations directed to GSK are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' action is improperly venued in New York.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against GSK upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Pursuant to applicable substantive and procedural law and/or Pretrial Order No. 31 entered by this Court in MDL No. 1431, plaintiffs' Complaint is barred in whole or in part, due to improper joinder of claims of multiple plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to GSK.

**SIXTH AFFIRMATIVE DEFENSE**

At all times material to plaintiffs' allegations, GSK's conduct with respect to Baycol conformed to the state of the art.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries, if any, were caused in whole or in part by the acts or omissions of others for whose conduct GSK is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries or damages, if any, were the result of misuse of Baycol.

**NINTH AFFIRMATIVE DEFENSE**

Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for breach of warranty are barred by plaintiffs' failure to give notice as required by New York law, New Jersey law, and/or the law of any other state or commonwealth that might be deemed controlling in this case.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for breach of warranty are barred by the absence of privity of contract between plaintiffs and GSK.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs purport to allege misrepresentation and fraud, such allegations do not comply with the particularity requirement under Rule 9(b) of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The alleged injuries to plaintiffs, if any, were caused, in whole or in part, by plaintiffs' own negligence, and plaintiffs' claims are therefore barred or reduced by the principle of contributory negligence and/or the principle of comparative negligence.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any express or implied warranties alleged to have been made by GSK were disclaimed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced by the doctrine of assumption of the risk.

E-SERVED 05/12/04 04:54 PM ET Baycol MDL 1431

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced because of plaintiffs' failure to mitigate damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced by the doctrine of avoidable consequences.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because GSK complied with the applicable statutes and with the requirements and regulations of the Food and Drug Administration.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering against GSK because plaintiffs' claims are preempted in accordance with the supremacy clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et seq.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Baycol, and is specifically charged with determining the content of the warnings and labeling for prescription drugs.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

With respect to plaintiffs' demand for punitive damages, GSK specifically incorporates by reference all standards of limitations regarding the determination and enforceability of

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

punitive damage awards which arose in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), and any other applicable decision.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Consideration of any punitive damages in this civil action would violate the Due Process Clause and Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Constitutions of New York and New Jersey, and/or the applicable law of any other state or commonwealth of the United States whose laws might be deemed controlling in this case by allowing standardless discretion to the jury to determine punishment and by depriving GSK of prior notice of the consequences of its alleged acts.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are a punishment, a quasi-criminal sanction for which GSK has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution and in the Constitutions of New York, New Jersey, and/or the constitution of any other state or commonwealth of the United States whose laws might be deemed controlling in this case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages may have been the result of an independent, intervening, and/or superseding cause. Any alleged action or alleged omission on the part of GSK was not the proximate cause of plaintiffs' alleged damages.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the provisions of the New York Constitution, the New Jersey Constitution, and/or the constitution of any other state or commonwealth of the United States whose laws might be deemed controlling in this case.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred pursuant to the Learned Intermediary Doctrine, or the Informed Intermediary Doctrine and/or the principle of the Restatement (Second) of Torts § 388.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Any recovery by plaintiffs must be reduced or offset by amounts plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by the applicable statutes of limitations or repose.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims against GSK may be barred by the doctrines of waiver, equitable estoppel and/or laches.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

To the extent that plaintiffs attempt to seek equitable relief, they are not entitled to such relief because they have an adequate remedy at law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because GSK did not owe any legal duty to plaintiffs or, if GSK did owe such a legal duty, GSK did not breach that duty.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Some of plaintiffs' claims are barred, in whole or in part, by the First Amendment of the Constitution of the United States, and Article I, Section 8 of the Constitution of the State of New York, and the corresponding provisions of the New Jersey Constitution, and/or the constitution of any other state or commonwealth of the United States whose laws might be deemed controlling in this case.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs, knowing the nature and properties of Baycol, consented to the use, if any, of Baycol, and accordingly GSK cannot be held liable.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

GSK denies each and every allegation of the Complaint that is not specifically admitted herein.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Complaint requests an award of attorneys' fees, that request is improper and not cognizable under applicable law.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the law of any other state or commonwealth applies to some or all of the claims asserted herein, GSK incorporates and adopts on its behalf all affirmative defenses that would be available as a matter of law, statute, or regulation under the law of such state or commonwealth.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

To the extent New York law may be deemed controlling in this case, and to the extent that Plaintiffs have settled with any tortfeasor, GSK's liability is reduced pursuant to Section 15-108 of the New York General Obligations Law.

**FORTIETH AFFIRMATIVE DEFENSE**

To the extent New York law may be deemed controlling in this case, if GSK is found liable to plaintiffs for any non-economic loss, as defined in New York CPLR Article 16, and such liability equals 50% or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds 50% of the total liability, GSK's liability, if any, to plaintiffs for a non-economic loss shall not exceed GSK's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

To the extent New York law may be deemed controlling in this case, any damages allegedly recoverable by plaintiffs should be reduced in accordance with CPLR 4545.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, plaintiffs' damages are barred, in whole or in part, by virtue of the provisions of N.J.S.A. 2A:58C, et seq.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, plaintiffs' claims are barred, in whole or part, or are otherwise limited by and pursuant to the provisions of the

E-SERVED 05/12/04 04:54 PM ET Baycol MDL 1431

New Jersey Products Liability Act, N.J.S.A. 2A:58C, et seq., including all of the defenses set forth herein.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, plaintiffs are barred from recovery and/or plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, GSK denies any liability on its part, but if GSK is ultimately found liable to plaintiffs, then it shall only be liable for its equitable share of plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability. In the alternative, the liability, if any, of GSK is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, et seq.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join parties indispensable to a just adjudication of this lawsuit.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of GSK or any defect attributable to Baycol, and plaintiffs' claims are therefore barred.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

GSK hereby gives notice that it intends to rely upon such other defenses as may become available or appear through discovery or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, defendant GSK, having fully answered, requests that this Court enter a judgment in its favor and against plaintiffs, and award GSK its costs and expenses, including attorneys' fees incurred in this matter, and grant such other relief as the Court may deem just and proper.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**JURY DEMAND**

GSK hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 12, 2004

Thomas F. Munno (TM-4785)
Debra D. O'Gorman (DO-1643)
Lavinia H. Denniston (LD-7273)
DECHERT LLP
30 Rockefeller Plaza,
New York, NY 10112-2200
(212) 698-3500

Beth Kaufman (BK-7809)
David Gordon (DG-0010)
SCHOEMAN, UPDIKE & KAUFMAN, LLP
60 East 42nd Street
New York, NY 10165-0006
(212) 661-5030

**Attorneys for Defendant**
**SmithKline Beecham Corporation d/b/a**
**GlaxoSmithKline**

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

## CERTIFICATE OF SERVICE

I, Lavinia H. Denniston, hereby certify that on May 12, 2004, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses of SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline to Plaintiffs' First Amended Verified Complaint, electronically through Verilaw Technologies, Inc. upon the following:

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR BAYER |
|---|---|
| Charles S. Zimmerman<br>Zimmerman Reed, P.L.L.P.<br>851 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55402<br>Telephone: 612-341-0400 | Adam Hoeflich<br>Bartlit Beck Herman Palenchar<br>& Scott<br>54 West Hubbard, Ste. 300<br>Chicago, IL 60610<br>Telephone: 312-494-4400 |
| Richard A. Lockridge<br>Lockridge Grindal Nauen, P.L.L.P.<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Telephone: 612-339-6900 | Susan A. Weber<br>Sidley Austin Brown & Wood<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603<br>Telephone: 312-853-7000 |
| Dale I. Larson<br>Larson - King, LLP<br>2800 Minnesota World Trade Center<br>30 East Seventh Street<br>St. Paul, MN 55101<br>Telephone: 651-227-4453 | Gene C. Schaerr<br>Sidley Austin Brown & Wood<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone: 202-737-7792 |
| Elizabeth J. Cabraser<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Telephone: 415-956-1000 | Richard K. Dandrea<br>Eckert Seamans Cherin<br>& Mellott, LLC<br>USX Tower<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>Telephone: 412-566-6000 |

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR BAYER |
|---|---|
| Dianne M. Nast<br>Roda & Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: 717-892-3000 | Peter W. Sipkins<br>Dorsey & Whitney LLP<br>50 South Sixth Street, Ste. 1500<br>Minneapolis, MN 55402<br>Telephone: 612-340-2600 |
| Paul J. Pennock<br>Victoria J. Maniatis<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane,<br>New York, NY 10083 | |

Lavinia H. Denniston (LD-7273)