E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

<table>
<tr><td colspan="2">UNITED STATES DISTRICT COURT<br>DISTRICT OF MINNESOTA</td></tr>
<tr><td>In re: BAYCOL PRODUCTS LITIGATION</td><td>MDL No. 1431<br>(MJD/JGL)</td></tr>
<tr><td>This Document Relates to:<br><br>MARGUERITE CRAIG, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION,<br>BAYER AG,<br>GLAXOSMITHKLINE, PLC,<br>SMITHKLINE BEECHAM CORPORATION<br>D/B/A GLAXOSMITHKLINE,<br><br>Defendants.</td><td>Case No. 04-1637 MJD</td></tr>
</table>

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GLAXOSMITHKLINE PLC TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT**

Defendant GlaxoSmithKline plc (hereinafter "PLC") responds to the allegations of plaintiffs' First Amended Verified Complaint (hereinafter "Complaint") as set forth below:

**INTRODUCTORY STATEMENT**

Plaintiffs have sued PLC, among others, for damages allegedly arising out of plaintiffs' use of Baycol, a drug that plaintiffs appear to allege PLC "aggressively promoted and sold." In response, PLC affirmatively states that all of the allegations directed to PLC are denied, as PLC was not a party to any contract or agreement to promote Baycol in the United States or elsewhere, and did not engage in any of the conduct alleged in plaintiffs' Complaint. Further, PLC expressly states that it has not engaged in any business activities in New York

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

and/or New Jersey with regard to Baycol or otherwise that would subject it to personal jurisdiction in this Court.

**RESPONSE TO ALLEGATIONS REGARDING PARTIES**

1. PLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2a.-2b. The allegations of these paragraphs are legal conclusions and/or are directed to other defendants, and therefore require no response from PLC. To the extent these paragraphs are deemed to allege facts directed to PLC, they are denied.

2c. PLC admits that it is a public limited liability company incorporated in England and Wales, and is headquartered in the United Kingdom. Any remaining or inconsistent allegations directed to PLC are denied.

2d. The allegations of this paragraph are legal conclusions and/or are directed to another defendant and, therefore, require no response from PLC. To the extent the allegations of this paragraph are deemed to allege facts directed to PLC, PLC admits that SmithKline Beecham Corporation is a Pennsylvania corporation with a principal place of business located at 1 Franklin Plaza, Philadelphia, Pennsylvania, 19101, and that it does business under the name GlaxoSmithKline. On information and belief, PLC further admits that, pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer Corporation, originally signed in July 1997, GSK participated in the marketing of Baycol in the United States, including New York. Any remaining or inconsistent allegations directed to PLC are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

3.-5. The allegations of these paragraphs are legal conclusions and/or are directed to other defendants, and therefore require no response from PLC. To the extent these paragraphs are deemed to allege facts directed to PLC, they are denied.

6. To the extent the allegations of this paragraph are legal conclusions and/or are directed to another defendant, they require no response from PLC. To the extent this paragraph is deemed to allege facts directed to PLC, PLC states that, upon information and belief, Glaxo Wellcome, Inc. merged with and into SmithKline Beecham Corporation in March 2001, and that the surviving entity of that merger is SmithKline Beecham Corporation, a company that does business under the name GlaxoSmithKline. Any remaining or inconsistent allegations directed to PLC are denied.

7. Upon information and belief, PLC admits that the generic name for Baycol is cerivastatin, and that cerivastatin was sold outside the United States under the name Lipobay. Any remaining or inconsistent allegations directed to PLC are denied.

8.-11. The allegations of these paragraphs contain no facts directed to PLC, and therefore require no response from PLC. To the extent these paragraphs are deemed to allege facts directed to PLC, they are denied, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint.

## **RESPONSE TO ALLEGATIONS REGARDING FACTUAL BACKGROUND**

12.-61. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, they are denied, as PLC was not a

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege general scientific and medical principles or make general allegations based on documents or reports, PLC denies such allegations to the extent they are not supported by the current state of scientific or medical knowledge and/or are inconsistent with the referenced documents or reports, which, being in writing, speak for themselves. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING EQUITABLE TOLLING OF THE APPLICABLE STATUTES OF LIMITATIONS**

62. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

63.-66. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, they are denied, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege general scientific and medical principles or make general allegations based on documents or reports, PLC denies such allegations to the extent they are not supported by the current state of

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

scientific or medical knowledge and/or are inconsistent with the referenced documents or reports, which, being in writing, speak for themselves. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT I**
**FRAUD**

67. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

68.-75. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT II**
**NEGLIGENCE**

76. To the extent the allegations of this paragraph are legal conclusions, they require no response from PLC. To the extent this paragraph is deemed to allege facts directed to PLC,

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

77.-84. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT III**
**FAILURE TO WARN - STRICT LIABILITY**

85. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

86.-96. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT IV**
**DEFECTIVE DESIGN - STRICT LIABILITY**

97. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

98.-103. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**RESPONSE TO ALLEGATIONS REGARDING COUNT V**
**BREACH OF IMPLIED WARRANTY**

104. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

105.-111. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT VI**
**BREACH OF EXPRESS WARRANTY**

112. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

113.-116. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT VII**
**NEGLIGENCE PER SE**

117. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

118.-124. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**RESPONSE TO ALLEGATIONS REGARDING COUNT VIII**
**VIOLATION OF NEW YORK'S GENERAL BUSINESS LAW**

125. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

126.-131. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiffs' conduct or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT IX**
**LOSS OF CONSORTIUM**

132. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

133. PLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore denies them.

134-136. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

these paragraphs are deemed to allege facts directed to PLC, PLC admits that plaintiffs allege certain injuries and seek recovery as described, but denies that plaintiffs' claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiffs, as PLC was not a party to the co-promotion agreement between Bayer Corporation and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiffs' Complaint. Any remaining or inconsistent allegations directed to PLC are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over PLC.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' action is improperly venued in New York.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to applicable substantive and procedural law and/or Pretrial Order No. 31 entered by this Court in MDL No. 1431, plaintiffs' Complaint is barred in whole or in part, due to improper joinder of claims of multiple plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

PLC cannot be held liable for the alleged actions/omissions of GSK, a separate company.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against PLC upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to PLC.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**SEVENTH AFFIRMATIVE DEFENSE**

At all times material to plaintiffs' allegations, PLC's alleged conduct with respect to Baycol conformed to the state of the art.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of PLC or any defect attributable to Baycol, and plaintiffs' claims are therefore barred.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries, if any, were caused in whole or in part by the acts or omissions of others for whose conduct PLC is not responsible and/or were the result of conditions which were unrelated to any conduct of PLC.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries or damages, if any, were the result of misuse of Baycol.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs, knowing the nature and properties of Baycol, consented to the use, if any, of Baycol, and accordingly PLC cannot be held liable.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for breach of warranty are barred by plaintiffs' failure to give notice as required by New York law, New Jersey law, and/or the law of any other state or commonwealth that might be deemed controlling in this case.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for breach of warranty are barred by the absence of privity of contract between plaintiffs and PLC.

E-SERVED 05/12/04 04:54 PM ET Baycol MDL 1431

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs purport to allege misrepresentation and fraud, such allegations do not comply with the particularity requirement under Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The alleged injuries to plaintiffs, if any, were caused, in whole or in part, by plaintiffs own negligence, and plaintiffs' claims are therefore barred or reduced by the principle of contributory negligence and/or the principle of comparative negligence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any express or implied warranties alleged to have been made by PLC were disclaimed.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced by the doctrine of assumption of the risk.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced because of plaintiffs' failure to mitigate damages.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced by the doctrine of avoidable consequences.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering against PLC because plaintiffs' claims are preempted in accordance with the supremacy clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et seq.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Baycol, and is specifically charged with determining the content of the warnings and labeling for prescription drugs.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages may have been the result of an independent, intervening, and/or superseding cause. Any alleged action or alleged omission on the part of PLC was not the proximate cause of plaintiffs' alleged damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the provisions of the New York Constitution, the New Jersey Constitution, and/or the constitution of any other state or commonwealth of the United States whose laws might be deemed controlling in this case.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred pursuant to the Learned Intermediary Doctrine or the Informed Intermediary Doctrine and/or the principle of the Restatement (Second) of Torts § 388.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Any recovery by plaintiffs must be reduced or offset by amounts plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by the applicable statutes of limitations and/or repose.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against PLC may be barred by the doctrines of waiver, equitable estoppel and/or laches.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that plaintiffs attempt to seek equitable relief, plaintiffs are not entitled to such relief because plaintiffs have an adequate remedy at law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because PLC did not owe any legal duty to plaintiffs or, if PLC did owe such a legal duty, PLC did not breach that duty.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

PLC denies any liability on its part, but if PLC is ultimately found liable to plaintiffs, then it shall only be liable for its equitable share of plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability.

E-SERVED 05/12/04 04:54 PM ET Baycol MDL 1431

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Some of plaintiffs' claims are barred in whole or in part, by the First Amendment of the Constitution of the United States, and Article I, Section 8 of the Constitution of the State of New York, and the corresponding provisions of the New Jersey Constitution, and/or the applicable law of any other state or commonwealth of the United States whose laws might be deemed controlling in this case.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

With respect to plaintiffs' demand for punitive damages, PLC specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), and any other applicable decision.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs seek punitive or exemplary damages, these claims are barred or limited by the laws of New York, New Jersey, and/or the applicable law of any other state of commonwealth of the United States whose laws might be deemed controlling in this case.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Consideration of any punitive damages in this civil action would violate the Due Process Clause and Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Constitution of New York, the Constitution of New Jersey, and/or

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

the applicable law of any other state or commonwealth of the United States whose laws might be deemed controlling in this case by allowing standardless discretion to the jury to determine punishment and by depriving PLC of prior notice of the consequences of its alleged acts.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Punitive damages are a punishment, a quasi-criminal sanction for which PLC has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution, and the corresponding provisions in the Constitutions of New York and New Jersey, and/or the applicable law of any other state or commonwealth of the United States whose laws might be deemed controlling in this case.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

PLC denies each and every allegation of the Complaint that is not specifically admitted herein.

**FORTIETH AFFIRMATIVE DEFENSE**

To the extent New York law may be deemed controlling in this case, and to the extent that Plaintiffs have settled with any of the defendants, PLC's liability is reduced pursuant to Section 15-108 of the General Obligations Law.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

To the extent New York law may be deemed controlling in this case, if PLC is found liable to plaintiffs for any non-economic loss, as defined in New York CPLR Article 16, and such liability equals 50% or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds 50% of the total liability, PLC's liability, if any, to plaintiffs for a non-economic loss shall not exceed PLC's equitable share determined in

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

To the extent New York law may be deemed controlling in this case, any damages allegedly recoverable by plaintiffs should be reduced in accordance with CPLR 4545.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, plaintiffs' damages are barred, in whole or in part, by virtue of the provisions of N.J.S.A. 2A:58C, et seq.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, plaintiffs' claims are barred, in whole or part, or are otherwise limited by and pursuant to the provisions of the New Jersey Products Liability Act, N.J.S.A. 2A:58C, et seq., including all of the defenses set forth herein.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, plaintiffs are barred from recovery and/or plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent New Jersey law may be deemed controlling in this case, PLC denies any liability on its part, but if PLC is ultimately found liable to plaintiffs, then it shall only be liable for its equitable share of plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability. In the alternative, the liability, if any, of PLC is

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, et seq.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join parties indispensable to a just adjudication of this lawsuit.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the Complaint requests an award of attorneys' fees, that request is improper and not cognizable under applicable law.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

To the extent that the law of any other state or commonwealth applies to any or all of the claims asserted in plaintiffs' Complaint, PLC incorporates and adopts on its behalf all affirmative defenses that would be available as a matter of law, statute, or regulation under the law of such state or commonwealth.

**FIFTIETH AFFIRMATIVE DEFENSE**

PLC hereby gives notice that it intends to rely upon such other defenses as may become available or appear through discovery or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, defendant PLC, having fully answered, requests that this Court enter a judgment in its favor and against plaintiffs, and award PLC its costs and expenses, including attorneys' fees incurred in this matter, and grant PLC such other relief as the Court may deem just and proper.

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

**JURY DEMAND**

PLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 12, 2004

Thomas F. Munno (TM-4785)
Debra D. O'Gorman (DO-1643)
Lavinia H. Denniston (LD-7273)
DECHERT LLP
30 Rockefeller Plaza,
New York, NY 10112-2200
(212) 698-3500

Beth Kaufman (BK-7809)
David Gordon (DG-0010)
SCHOEMAN, UPDIKE & KAUFMAN, LLP
60 East 42nd Street
New York, NY 10165-0006
(212) 661-5030

**Attorneys for Defendant**
**GlaxoSmithKline plc**

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

## CERTIFICATE OF SERVICE

I, Lavinia H. Denniston, hereby certify that on May 12, 2004, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses of GlaxoSmithKline plc to Plaintiffs' First Amended Verified Complaint, electronically through Verilaw Technologies, Inc. upon the following:

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR BAYER |
|---|---|
| Charles S. Zimmerman<br>Zimmerman Reed, P.L.L.P.<br>851 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55402<br>Telephone: 612-341-0400 | Adam Hoeflich<br>Bartlit Beck Herman Palenchar<br>& Scott<br>54 West Hubbard, Ste. 300<br>Chicago, IL 60610<br>Telephone: 312-494-4400 |
| Richard A. Lockridge<br>Lockridge Grindal Nauen, P.L.L.P.<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Telephone: 612-339-6900 | Susan A. Weber<br>Sidley Austin Brown & Wood<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603<br>Telephone: 312-853-7000 |
| Dale I. Larson<br>Larson - King, LLP<br>2800 Minnesota World Trade Center<br>30 East Seventh Street<br>St. Paul, MN 55101<br>Telephone: 651-227-4453 | Gene C. Schaerr<br>Sidley Austin Brown & Wood<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone: 202-737-7792 |
| Elizabeth J. Cabraser<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Telephone: 415-956-1000 | Richard K. Dandrea<br>Eckert Seamans Cherin<br>& Mellott, LLC<br>USX Tower<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>Telephone: 412-566-6000 |

E-SERVED
05/12/04
04:54 PM ET
Baycol MDL 1431

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR BAYER |
|---|---|
| Dianne M. Nast<br>Roda & Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: 717-892-3000 | Peter W. Sipkins<br>Dorsey & Whitney LLP<br>50 South Sixth Street, Ste. 1500<br>Minneapolis, MN 55402<br>Telephone: 612-340-2600 |
| Paul J. Pennock<br>Victoria J. Maniatis<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane,<br>New York, NY 10083 | |

Lavinia H. Denniston (LD-7273)